PEOPLE v. ISER. (No. 7304.)

(Supreme Court, Appellate Division, First Department. May 21, 1915.)

LICENSES ☜40—PLUMBERS—VIOLATION OF ORDINANCE.

    Greater New York Charter (Laws 1901, c. 466) § 416, subds. "a" and "b," added by Laws 1913, c. 754, provides that it shall be unlawful for any person or firm to engage in the trade of an employing or master plumber, unless such person or each member of the firm shall have registered with the city authorities, and that it shall be unlawful for any person or firm in New York City, unless such person or firm shall have so registered, to hold himself or themselves out to the public as a master or employing plumber by the use of the word "Plumber" or "Plumbing," or words of similar meaning, on signs, stationery, or otherwise. The defendant was prosecuted for having, without registering, displayed a sign reading, after his name: "General Contractor Tinsmith & Roofer. Plumbers & Gas-Fitters Supplies." Held, that the sign was not a violation of the charter provisions.

    [Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 79–83; Dec. Dig. ☜40.]

    Ingraham, P. J., dissenting.

Appeal from Trial Term, New York County.

Morris Iser was convicted of a misdemeanor, and he appeals. Reversed, and defendant discharged.

See, also, 152 N. Y. Supp. 1132.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Henry C. Neuwirth, of New York City, for appellant.

Robert S. Johnstone, of New York City, for the People.

SCOTT, J. Defendant was charged by an information with unlawfully exposing the sign of "plumber" and "plumbing," and a sign containing words of similar import and meaning, and not having registered his name and address at the office of the bureau of buildings of

the borough of Manhattan. There was a second count in the information, but no attempt was made to secure a conviction under it.

The prosecution was based on subdivisions "a" and "b" of section 416 of the Greater New York Charter, as amended by chapter 754, Laws 1913. These subdivisions read as follows:

"Sec. 416. (a) It shall not be lawful for any person or copartnership to engage in, perform, or carry on the trade, business or calling of employing or master plumber in the city of New York unless such person or each member of such copartnership shall have been registered as provided in the foregoing section. (b) It shall be unlawful for any person or copartnership in the city of New York, unless said person or copartnership shall have complied with the requirements of the preceding paragraph to hold him or themselves out to the public as a master or employing plumber by the use of the word 'Plumber' or 'Plumbing' or words of similar import or meaning on signs, cards, stationery or in any other manner whatsoever."

The only proof against the defendant was that he displayed on his place of business a sign reading as follows:

M. Iser,

General Contractor

Tinsmith & Roofer.

Plumbers & Gas-Fitters<br>
Supplies.

The sole question in the case is whether by the exhibition of this sign defendant held himself out to the public as a master or employing plumber by the use of the words "Plumbing" or "Plumber," or words of similar import. In our opinion he did not. The sign must, of course, be read as it is written, and not be given a forced or strained construction in order to convict a person of a criminal act. If there be two equally possible readings, one innocent and one criminal, the defendant is entitled to have the innocent one adopted.

Evidently defendant holds himself out as a general contractor, tinsmith, and roofer. The question at issue turns upon the reading of the last three lines. Does the defendant proclaim by them that he deals in supplies for plumbers and gas-fitters, which would be quite innocent, or does he proclaim that he (for the sign is that of an individual) is a plumber and gas-fitter, which would be unlawful, and that he deals in supplies of an undesignated character?

It is much the more reasonable to read the sign in its innocent sense than in its criminal. In the first place, it would be strikingly ungrammatical to speak of an individual as plumbers and gas-fitters, using the plural form, especially as the draughtsman of the sign had been careful to describe him as contractor, tinsmith and roofer in the singular form. This reading also specifies the character of the supplies in which the defendant deals. Finally, the sign, as it is printed in the case on appeal, has a period after the word "roofer," but none after the word "gas-fitters" on the following line.

As against this we have only the circumstance, which appears to have turned the scale against the defendant in the court below, that the sign painter omitted the apostrophe after the words "plumbers" and "gas-fitters." This omission seems a slight peg upon which to hang a conviction for a misdemeanor. It is quite probable that the sign

painter drew the sign phonetically, painting the words as he spoke them and heard them spoken, and never troubled himself with the nice use of the apostrophe, if, indeed, he had ever heard of such a thing.

The judgment appealed from must be reversed, and the defendant discharged. Settle order on notice.

McLAUGHLIN, LAUGHLIN, and CLARKE, JJ., concur.

INGRAHAM, P. J. I dissent. The question is whether the evidence justified a finding that the defendant held himself out to the public as a "master or employing plumber, by the use of the word 'plumber,' or 'plumbing,' or words of similar import or meaning, or signs, cards, stationery, or in any manner whatever." The proof was that the defendant displayed on his place of business the sign quoted in the prevailing opinion. I think it clear that any one looking at that sign would understand that the defendant was engaged in the business of a plumber and gas-fitter, and that the addition of the word "supplies" on a separate line at the end of the sign did not imply that the defendant confined himself to furnishing plumbers' and gas-fitters' supplies. There was, therefore, a question of fact presented to the trial court whether such a sign was within the prohibition of the charter. The defendant by testimony could have overcome this presumption; but he rested upon the proof of the sign, and I think there was sufficient to justify the court in its judgment.